UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS HUCK, SOUDARACK HUCK,
individually and as parents and natural
guardians of T.H., a minor child,

       Plaintiffs,

v.                                            Case No.  8:07-cv-199-T-24MSS

LOUISVILLE LADDER, INC.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Strike the Affidavit of Gene Dunn (Doc. No. 39).  Plaintiffs oppose this motion (Doc. No. 42).

On October 26, 2007, Defendant filed a Motion for Summary Judgment (Doc. No. 28). On December 10, 2007, Plaintiffs filed their response in opposition (Doc. No. 35).  Exhibit "B" to Plaintiffs' response is an affidavit of Gene Dunn (Doc. No. 35-2), in which Mr. Dunn states that "[p]rior to the subject incident, no part of the subject ladder had been altered, damaged or repaired, including the rails, braces, steps, top cap, spreader bars, feet, rivets, bolts and screws." A court may strike summary judgment materials when:

> (1) they are insufficient, immaterial, irrelevant, or redundant materials, pursuant to Federal Rule of Civil Procedure 12(f); (2) the submission consists of sham affidavits which directly contradict a witnesses previously sworn testimony; (3) the affidavits are inadmissible because they were not made on a witness' personal knowledge or were made by a witness not competent to testify about the matter; or (4) the Court may strike an affidavit or brief as a sanction for noncompliance with court orders or other misconduct.

Lewis v. Michaels Stores, Inc., 2007 WL 2254502 at *13 (M.D. Fla. August 3, 2007) (citations

ommitted).

Defendant moves to strike Mr. Dunn's affidavit because: (1) Mr. Dunn did not have personal knowledge of the statements within his affidavit; and (2) Mr. Dunn's affidavit contradicts his earlier sworn deposition testimony.  In response to Defendants' first argument, Plaintiffs state that, "as the President of the corporation which owned the ladder, [Mr. Dunn] would have personal knowledge of the ladders [sic] repair history and the fact that the ladder had not been retired prior to the subject incident."  The Court notes, however, that Plaintiffs do not argue that Mr. Dunn had personal knowledge that the subject ladder had not been altered or damaged prior to the accident.  Additionally, Mr. Dunn does not state, in his affidavit, that he had personal knowledge of the statements made therein, including whether the subject ladder had been altered or damaged prior to the accident.  Furthermore, at his deposition, Mr. Dunn testified that the first time he had really looked at the ladder was after the accident, and that at that time the ladder seemed to be in good shape.  As such, the Court finds that the portion of Mr. Dunn's affidavit stating that prior to the subject accident, no part of the subject ladder had been altered or damaged should be stricken, and the Court will not consider it when ruling on Defendant's motion for summary judgment.

As to Defendant's second argument, the Court finds that the remaining portions of Mr. Dunn's testimony are not directly contradictory to his earlier sworn deposition testimony.  Therefore, the other portions of the affidavit will not be stricken.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Strike the Affidavit of Gene Dunn is **GRANTED IN PART AND DENIED IN PART**.  It is granted as to the portion of the affidavit stating that prior to the subject accident, no part of the subject ladder

had been altered or damaged.  The motion is otherwise denied.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of January, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record